UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK MILLER,

        Petitioner,                       Case Number 08-11247
                                                              Honorable David M. Lawson
v.

THOMAS BIRKETT,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Frederick Miller, presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions of second-degree murder, Mich. Comp. Laws § 750.317, and assault with intent to commit great bodily harm, Mich. Comp. Laws § 750.84. The petitioner was convicted by a judge sitting without a jury in the Wayne County, Michigan circuit court and sentenced to concurrent prison terms of thirty to eighty years for second-degree murder and fifty-seven months to ten years for assault. He alleges that the trial court improperly received a hearsay statement in evidence, there was insufficient evidence to convict him of second-degree murder, and he was deprived of the effective assistance of trial and appellate counsel. The respondent has filed an answer to the petition, asserting that the claims are procedurally defaulted and lack merit. The Court finds that the petitioner's claims of ineffective assistance of counsel are subject to the procedural default rule, and his other claims are meritless. Therefore the Court will deny the petition.

I.

The state court of appeals summarized the facts of the case as follows:

> Defendant was charged with the killing of Phyllis Barron and the beating of Cornelius Barron, respectively. Cornelius Barron testified that he and his sister Phyllis went to defendant's home and that he and defendant began fighting. Lakeysha Taylor, defendant's former girlfriend, testified that she observed defendant beat both victims. Over defendant's objection, Taylor testified that when Nate (last name unknown), a witness to the incident, came inside the home he remarked that he did not "understand why Fred did that." Defendant denied that he struck either victim and maintained that as he left his home he heard the victims arguing with drug dealers.
>
> The trial court found defendant guilty of second-degree murder in the death of Phyllis Barron and of assault with intent to do great bodily harm less than murder in the beating of Cornelius Barron. The trial court accepted as credible the testimony given by Barron and Taylor, and it rejected defendant's testimony.

*People v. Miller,* No. 245096, 2004 WL 245096 at *1 (Mich. Ct. App. June 3, 2004). These facts are presumed correct. *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)).

On direct appeal, the petitioner raised the single issue that the trial judge erred in permitting Lakeysha Taylor to testify about an out-of-court statement in violation of the rule against hearsay. The conviction was affirmed by the Michigan Court of Appeals. *Ibid.* The state supreme court denied leave to appeal. *People v. Miller*, 471 Mich. 953, 690 N.W.2d 113 (2004) (table).

The petitioner then filed a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, arguing that his rights under the Due Process Clause were violated because there was insufficient evidence of the charged offense of first-degree murder and the offense of conviction, second-degree murder. He stated that instead he should have been convicted of manslaughter at most. That motion was denied by the trial court on the merits, *People v. Miller,* No. 02-006927-01, slip op. (Wayne Cnty. Cir. Ct., January 6, 2006), and both Michigan appellate courts denied leave to appeal in form orders. *People v. Miller,* No. 274477 (Mich. Ct. App. May 17, 2007), *lv. den.* 480 Mich. 922, 740 N.W.2d 255 (2007).

The petitioner then filed a second motion for relief from judgment, raising issues of ineffective assistance of trial and appellate counsel. That motion was denied on the ground that Michigan Court Rule 6.502(G) prohibits second or successive motions for relief from judgment unless there has been a retroactive change in the law or newly discovered evidence. *People v. Miller,* No. 02-006927-01, slip op. at 1 (Wayne Cnty. Cir. Ct., May 22, 2008). The Michigan Court of Appeals likewise rejected the petitioner's appeal for lack of jurisdiction pursuant to Michigan Court Rule 6.502(G), because a defendant cannot appeal the denial or rejection of a successive motion for relief from judgment. *People v. Miller*, No. 286542 (Mich. Ct. App. Sept. 25, 2008). The petitioner never challenged the rejection of his second motion for relief from judgment in the Michigan Supreme Court.

The timely-filed petition in the present case asserts the following grounds:

I. The Court's ruling that Ms. Taylor's testimony as to the alleged out-of-court statement made by Nate was admissible under this exception to the general ban on hearsay was an abuse of discretion.

II. The contradiction in Ms. Taylor's testimony with respect to the evidence produced at trial was insufficient as to the charges of first-degree and second-degree murder where there was no disputed factual element which should have allowed the judge, sitting as the fact finder, to consider the lesser offense of second-degree murder.

III. Petitioner was denied the effective assistance of counsel when counsel failed to properly prepare for the case.

IV. Petitioner was also denied the effective assistance of appellate counsel when counsel failed to identify and present meritorious issue

The respondent filed an answer to the petition contending that the petition should be denied on the merits and also asserting procedural defenses.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

A.

The petitioner first contends that the trial court erred by admitting the testimony of Lakeysha Taylor that a person identified only as "Nate" came into the house after witnessing the beating and

said that he did not "understand why Fred did that." That contention raises two possible issues: one is that the state courts incorrectly applied an exception to the hearsay rule when determining that the evidence was admissible; and the other is that the petitioner's rights under the Confrontation Clause were violated.

As to the former, the Michigan Court of Appeals held that the trial judge properly allowed the testimony under the present sense impression exception to the hearsay rule, citing Michigan Rule of Evidence 803(1). Whether that decision is correct or not, the petitioner's challenge to that ruling in this Court must fail because "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Consequently, "[h]abeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994) (citing *Fuson v. Jago*, 773 F.2d 55, 59 (6th Cir. 1985)).

The Confrontation Clause question certainly amounts to a federal constitutional issue, but the petitioner fares no better with that argument. It is true that the Supreme Court in *Crawford v. Washington*, 541 U.S. 36 (2004), held that certain out-of-court statements are barred by the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity for cross-examination, even if the trial court finds the statements to be otherwise reliable. However, subsequent to *Crawford*, the Supreme Court made clear that the Confrontation Clause applies only to out-of-court statements that are "testimonial" in nature. *See Whorton v. Bockting*, 549 U.S. 406, 419-20 (2007) (explaining that, under *Crawford*, the Confrontation Clause has no application to non-testimonial out-of-court statements); *Davis v. Washington*, 547 U.S. 813, 821 (2006) ("It is the

testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause.").

The *Crawford* court did not define the term, but it "provided examples of those statements at the core of the definition, including prior testimony at a preliminary hearing, previous trial, or grand jury proceeding, as well as responses made during police interrogations." *United States v. Saget*, 377 F.3d 223, 228 (2d Cir. 2004); *see Crawford*, 541 U.S. at 51-52. In *Davis*, the Court explicated this list and explained that "[s]tatements are . . . testimonial when the circumstances objectively indicate that there is no . . . ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis*, 547 U.S. at 822; *see also Miller v. Stovall*, 608 F.3d 913, 924 (6th Cir. 2010) (stating that "[t]he proper inquiry . . . is whether the declarant intends to bear testimony against the accused [which] in turn, may be determined by querying whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime" (quoting *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004)).

The record in this case simply does not support an argument that Nate's statement to Lakeysha Taylor was testimonial. It appears that Nate's statement was a remark to another witness at the scene about conduct he had just observed. No police officers were present, and there is nothing to suggest that the declarant or any other reasonable person would believe that utterance might be used to support a criminal prosecution.

The Court finds that the Confrontation Clause was not violated by the admission of Nate's out-of-court statement. Habeas relief must be denied on this ground.

B.

The petitioner next claims that there was insufficient evidence to charge him with first-degree murder and for the judge to convict him of the lesser included offense of second-degree murder. The petitioner argued to the state judge in his motion for relief from judgment that at most the evidence supported a charge of voluntary manslaughter. The respondent contends that this claim is barred by the rule of procedural default because the petitioner raised this claim for the first time in his first post-conviction motion for relief from judgment and failed to show cause and prejudice for not raising this claim in his direct appeal, as required by Michigan Court Rule 6.508(D)(3).

A procedural default is "a critical failure to comply with state procedural law." *Trest v. Cain*, 522 U.S. 87, 89 (1997). Such a default may occur if the state prisoner fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., make a contemporaneous objection or file a motion for a directed verdict. *See Simpson v. Sparkman*, 94 F.3d 199, 202-03 (6th Cir. 1996). Procedural default will bar consideration of the merits of a federal claim if the state rule is actually enforced and is an adequate and independent ground for the state court's decision. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

It is not clear whether the bar applies in this case because the trial court actually addressed the merits of this claim, and the two perfunctory orders denying leave to appeal entered by the appellate courts did not cite the state's rule creating a procedural bar. The orders did deny relief "under MCR 6.508(D)"; but the courts did not cite Rule 6.508(D)(3), which contains the reference to the requirement that post-conviction relief is barred for claims that could have been but were not raised on direct appeal. The citation to Rule 6.508(D) alone is not sufficient. *Guilmette v. Howes*,

624 F.3d 286, 289 (6th Cir. 2010) ("Brief orders citing Michigan Court Rule 6.508(D) are not explained orders invoking a procedural bar.").

Application of a procedural bar would not affect the outcome of this case in any event. The procedural default rule is not a jurisdictional bar to review of the merits of an issue, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Court deems it more efficient in this case to proceed directly to the merits of the petitioner's sufficiency of evidence claim.

The trial court found that there was sufficient evidence to support the conviction. The court observed that Lakeysha Taylor testified that she witnessed the petitioner beat Cornelius Barron and then chase Phyllis Barron, catch her, and begin hitting her in the face. Taylor testified that the petitioner continued striking Phyllis Barron for about five minutes. The medical examiner testified that Phyllis Barron died of blunt force trauma, her heart was torn, and she suffered from bleeding on the brain, a fractured jaw, and three broken ribs.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The standard of review for a sufficiency of the evidence challenge must focus on whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive

elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16). "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "The mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Id.* at 788-89.

Under Michigan law, a conviction for second-degree murder requires proof of: (1) a death, (2) caused by an act of the defendant, (3) while the defendant had the intent to kill, the intent to cause great bodily harm, or the intent to perform an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm, and (4) without justification or excuse. *People v. Bailey*, 451 Mich. 657, 669, 549 N.W.2d 325, 331 (1996); *see also People v. Aldrich*, 246 Mich. App. 101, 123, 631 N.W.2d 67, 80 (2001). Manslaughter under Michigan law consists of (1) a killing in the heat of passion, (2) where the passion was caused by an adequate provocation, and (3) where there was no lapse of time during which a reasonable person could control his passions. *People v. Pouncey*, 437 Mich. 382, 388, 471 N.W.2d 346, 350 (1991). The degree of provocation required must cause a reasonable person to lose control and act out of passion rather than reason. *See People v. Tierney*, 266 Mich. App. 687, 714-15, 703 N.W.2d 204, 223 (2005). Homicide caused by passion without adequate provocation is considered murder in the second degree. *See People v. Stinson*, 58 Mich. App. 243, 247, 227 N.W.2d 303, 306 (1975).

The petitioner's main argument is that there was insufficient evidence to convict him because Lakeysha Taylor was not a credible witness. Taylor initially told the police that she had not heard or seen anything at the time of the crime. She testified at the preliminary examination that "Nate"

was the person who assaulted Mr. Barron and killed Ms. Barron, but later changed her story at trial and testified that the petitioner committed the crimes. The petitioner contends that Taylor did this because the petitioner threatened to evict her from his apartment and to report her to the Department of Social Services for not properly caring for her children. The petitioner also points to Taylor's inconsistent testimony that the petitioner assaulted Ms. Barron for five minutes and the petitioner's testimony that he struck her for only five seconds.

The petitioner makes no argument that Lakeysha Taylor's testimony, if believed, would not establish the requisite intent for second-degree murder. The beating occurred for over five minutes, and the blows were struck with such force as to cause the extensive and brutal injuries described above. The offense of second-degree murder "does not require an actual intent to harm or kill, but only the intent to do an act that is in obvious disregard of life-endangering consequences." *People v. Mayhew*, 236 Mich. App. 112, 125, 600 N.W.2d 370, 379 (1999). Malice may be inferred from the circumstances of the killing, including the brutality of the beating inflicted. *See People v. Harris*, 190 Mich. App. 652, 657, 476 N.W.2d 767, 770-71 (1991); *People v. Thomas*, 85 Mich. App. 618, 624, 272 N.W.2d 157, 160 (1978) ("In the instant case defendant's savage and brutal beating of the decedent is amply sufficient to establish malice.").

The petitioner's attack on the witness's credibility will not win him habeas relief. It is the province of the fact finder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews*, 319 F.3d at 788. Because the petitioner's insufficiency of evidence claim rests on an allegation of the witnesses' credibility, which

is within the province of the factfinder, the petitioner is not entitled to habeas relief. *See Tyler v. Mitchell*, 416 F.3d 500, 505 (6th Cir. 2005).

C.

In his third and fourth claims, the petitioner contends that he was deprived of the effective assistance of trial and appellate counsel. The respondent's argument that these claims are barred by the procedural default rule is well taken.

The ineffective assistance of counsel claims were not presented to the state courts until the petitioner filed his second motion for relief from judgment. The trial court rejected the petitioner's second motion for relief from judgment under Michigan Court Rule 6.502(G)(1) (stating that "one and only one motion for relief from judgment may be filed with regard to a conviction"), because the petitioner had already filed a motion for relief from judgment and had not presented new evidence to the trial court that would entitle him to file a second motion. *See* Mich. Ct. R. 6.502(G)(2) ("A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion."). The Michigan Court of Appeals rejected the petitioner's appeal for lack of jurisdiction because state law does not allow a defendant to appeal the denial or rejection of a successive motion for relief from judgment. Mich. Ct. R. 6.502(G)(1) ("A defendant may not appeal the denial or rejection of a successive motion.").

The petitioner filed his first motion for relief from judgment in 2006. At that time, Rule 6.502(G) was a firmly established and regularly followed procedural rule that would be sufficient to invoke the doctrine of procedural default. *See Porter v. Smith*, 197 F. Supp. 2d 827, 832-33 (E.D. Mich. 2002). Because the petitioner's ineffective assistance of counsel claims were rejected by the

state trial and appellate courts on the authority of Rule 6.502(G), the petitioner may not advance those claims here unless he establishes cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *see also Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

The petitioner has not alleged any reasons why he did not raise his ineffective assistance of counsel claims on direct appeal or in his first post-conviction motion. A habeas petitioner's *pro se* status and ignorance of rights at the state court level does not constitute cause which would excuse the procedural default. *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995). Since cause has not been shown, the Court need not consider whether actual prejudice has been demonstrated. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Nor has the petitioner established that a fundamental miscarriage of justice occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup,* 513 U.S. at 324. The petitioner has made no such showing in this case. The petitioner is not entitled to habeas relief on his third and fourth claims.

III.

The state court decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED.**

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: December 14, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 14, 2010.

                              s/Deborah R. Tofil
                              DEBORAH R. TOFIL